UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEDINOL LTD.,

           Plaintiff,

v.

CORDIS CORPORATION AND
JOHNSON & JOHNSON,

           Defendants.

13 Civ. 1408 (SAS)

ECF Case



## [PROPOSED] PROTECTIVE ORDER

WHEREAS, disclosure and discovery activity in the above-captioned case (the "Action") may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this case may be warranted;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

    1.    "Confidential Information" shall mean and include any document, thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by a party or third party in this Action that contains or reflects non-public, confidential or proprietary information, whether personal or business-related. This information may be designated "CONFIDENTIAL," as set forth below. "Highly Confidential Information" shall mean and include Confidential Information that constitutes, reflects, or concerns trade secrets, non-published, pending patent application materials, know-

how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidentiality designation ("the Designating Party"). This information may be designated "HIGHLY CONFIDENTIAL," as set forth below. All designations of Confidential Information and Highly Confidential Information shall be made in good faith and made at the time of disclosure, production, or tender to the party receiving the same ("the Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate information at any time, with the effect that such designated information is thereafter subject to the protections of this Protective Order.

2. The designation of documents, responses to admissions and interrogatories, or other tangible materials other than depositions or other pretrial testimony shall be made by the Designating Party by conspicuously affixing the legend "CONFIDENTIAL" (for Confidential Information) or "HIGHLY CONFIDENTIAL" (for Highly Confidential Information) on each page, or, in the case of electronic files, on the medium on which the files are produced and, if feasible, in the file name) containing any Confidential Information or Highly Confidential Information to which the designation applies.

3. Confidential Information and Highly Confidential Information shall not include any information which:

    a. has been or becomes lawfully in the possession of the Receiving Party other than by production or disclosure in this Action (for example, as a result of legitimate business dealings between the parties) unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party

may continue to use such documents in the course of its business subject to those agreements; or

    b. has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

    4. Subject to paragraph 7 of this Protective Order, Qualified Persons permitted to access information designated CONFIDENTIAL under this Protective Order are:

    a. Kenyon & Kenyon LLP, attorneys of record for plaintiff Medinol Ltd. ("Medinol"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

    b. Patterson Belknap Webb & Tyler LLP, attorneys of record for defendants Cordis Corp. and Johnson & Johnson (collectively, "Defendants") and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

    c. A total of three in-house employees, including in-house attorneys if desired, whose names are listed below and who have responsibility for maintaining, defending or evaluating this litigation. The approved in-house employees are as follows:

|  | Medinol | Defendants |
|---|---|---|
| Name<br>Title | Dr. Jacob Richter<br>Chairman and Chief Technology Officer | Eric Harris<br>Assistant General Counsel |
| Name<br>Title | Tal Frieman<br>Director of IP and Product Management | Phil Johnson<br>Chief Intellectual Property Counsel |

3

| Name<br>Title | | Paul Coletti<br>Assistant Patent Counsel |
|---|---|---|

The parties to this Action may substitute the in-house employees permitted to access information designated CONFIDENTIAL with the consent of the other parties or for good cause.

    d. Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, any company related to a party to this litigation, or any direct competitor of any party to this litigation;

    e. Retained vendors, jury consultants and mock jurors for the parties who are not current employees of any party to this litigation, any company related to a party to this litigation, or any direct competitor of any party to this litigation;

    f. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

    g. Outside document copying services, and/or document coding or computerization services. The outside counsel providing documents designated CONFIDENTIAL to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order.

    5. Subject to paragraph 7 of this Protective Order, Qualified Persons permitted to access information designated HIGHLY CONFIDENTIAL under this Protective Order are:

4

    a.  Kenyon & Kenyon LLP, attorneys of record for Medinol, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

    b.  Patterson Belknap Webb & Tyler LLP, attorneys of record for Defendants and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

    c.  Retained independent consultants or experts for the parties (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, any company related to a party to this litigation, or any direct competitor of any party to this litigation;

    d.  Retained vendors, jury consultants and mock jurors for the parties who are not current employees of any party to this litigation, any company related to a party to this litigation, or any direct competitor of any party to this litigation;

    e.  The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

    f.  Outside document copying services, and/or document coding or computerization services.  The outside counsel providing documents designated HIGHLY CONFIDENTIAL to copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order.

    g.  Those individuals identified in paragraph 4(c) whose names are listed below:

|  | Medinol | Defendants |
|---|---|---|
| Name<br>Title | Tal Frieman<br>Director of IP and Product Management | Eric Harris<br>Assistant General Counsel |
| Name<br>Title |  | Phil Johnson<br>Chief Intellectual Property Counsel |
| Name<br>Title |  | Paul Coletti<br>Assistant Patent Counsel |

6. Qualified Persons defined in paragraph 4(c) and who are not identified in paragraph 5(g) shall be allowed to access only the following types of information designated HIGHLY CONFIDENTIAL: (1) written discovery materials, including contentions, discovery requests and responses, interrogatories and responses, requests for admission and responses, requests for production and responses and subpoenas and responses; (2) materials filed with the Court in this Action, including all motions, briefs, declarations, affidavits, testimony, exhibits and other pleadings filed under seal; and (3) expert reports, affidavits, declarations or other written testimony served or filed in this Action and transcripts of expert depositions taken, served or filed in this Action; provided, however, that, notwithstanding the foregoing, Qualified Persons defined in paragraph 4(c) who are not identified in paragraph 5(g) shall not be allowed to access documents of the Designating Party prepared in the ordinary course of business and designated HIGHLY CONFIDENTIAL that are cited or attached or marked as an exhibit to any of the foregoing documents in (1), (2) and (3) above.

7. Qualified Persons defined in paragraphs 4(d), and 5(c) shall be allowed access to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL only after complying with the following procedure:

a. Before access is given, counsel desiring to disclose information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to experts or consultants shall first obtain a signed Undertaking from each expert or consultant, in the form of Exhibit A attached hereto, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the Undertaking shall be forwarded to opposing counsel with the current curriculum vitae for each such expert or consultant and a list of all consulting relationships in the past five years including at least identification of case by name and number, location of court, and party for whom the expert performed services.

b. No information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be disclosed to such expert or consultant until after the expiration of a five (5) business day period commencing with the service of a copy of the Undertaking and curriculum vitae. If within five (5) business days after receipt of the notice of intent to disclose, a Designating Party does not object to the disclosure, any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by that party may be disclosed to such person. Failure to object within the five (5) business day period shall be deemed approval, but shall not preclude a Designating Party from objecting to continued access to information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If a Designating Party objects to such intended disclosure within five (5) business days of receipt of a notice of intent to disclose, the Designating Party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be disclosed until such objection is resolved by agreement of

7

the parties, by a ruling of a Court on a motion by the producing party, or as otherwise set forth below.

   c. A Designating Party's objection to the disclosure of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL must be for good cause, state with particularity the reasons for the objection, and be in writing and served on all parties to the action within the five (5) business day period. The parties shall confer to attempt to resolve the dispute within three (3) business days from the date of the objection. If the parties cannot resolve the dispute, the party objecting to the disclosure shall submit, within (5) business days of making the objection, a letter to the Court pursuant to section V.B.2 of the Court's Individual Rules and Practices. The party seeking to make the disclosure shall respond within three (3) business days, as set forth in the Court's Individual Rules and Practices. If the party objecting to the disclosure does not timely submit a letter to the Court, information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL may be disclosed to the designated person(s).

   8. Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representative or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4 through 7 of this Protective Order. Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8

9. During the course of factual investigation, including preparing for a deposition, a deponent/witness may be shown information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL from another party's documents only if the document shows on its face that the deponent/witness authored or received the document in the normal course of business. When information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is discussed, quoted or referred to in any deposition, only persons permitted by paragraphs 4 through 7 of this Protective Order to have access to such information may be present. The use of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for the purpose of any hearing or trial that is open to the public is not addressed in this Order, but will be the subject of future agreements or orders as the need may arise.

10. Any deposition transcript containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," as appropriate. During a deposition, counsel for the Designating Party shall ask the court reporter to make the appropriate designation on the transcript. Unless otherwise designated by counsel on the record during a deposition, all deposition transcripts shall be treated as containing information designated HIGHLY CONFIDENTIAL for a period of five (5) business days after the final version of the transcript becomes available. If no confidentiality designation is made either on the record during the deposition or in writing within the five (5) day period after the final transcript becomes available, the transcript shall be treated as not containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

11. Any pleading, paper or other document filed in this action which contains or discloses information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings that contain information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION." The filing party shall, if necessary, file an appropriate motion to seal the pleading containing the information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

12. Any person in possession of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential nature of the same is maintained.

13. If information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such information and to prevent further disclosure.

14. Agreeing to this Protective Order, producing or receiving information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order, or otherwise complying with the terms of this Protective Order shall not:

      a.    operate as an admission by any party that any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

      b.    prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Highly Confidential Information;

      c.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

      d.    prejudice in any way the rights of any party to seek a determination by the Court whether any information should be subject to the terms of this Protective Order;

      e.    prejudice in any way the rights of any party to petition the Court for a further protective order relating to any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL;

      f.    prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL more broadly than would otherwise be permitted by the terms of this Protective Order; or

    g.  prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by that party.

  15. Neither the signing of this Protective Order nor the failure of a party, at the time it receives information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, to challenge or object to the designation shall be deemed a waiver of the Receiving Party's right to challenge or object to the designation at any later time.  Any party may at any time challenge the Designating Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL and may request permission to use or disclose such information other than as otherwise permitted by this Order, by serving a written request upon counsel for Designating Party at least three (3) business days before the date of the proposed disclosure.  Such request shall specifically identify by unique identifier the information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made.  The Designating Party shall thereafter respond to the request in writing within three (3) business days after receipt of same.  Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure.  Such submission shall be made in accordance with section V.B.2 of the Court's Individual Rules and Practices.  Disclosure shall be postponed until a ruling has been obtained from the Court.

  16. Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall

12

have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

17. The parties anticipate producing or using in this Action documents, pleadings, discovery materials, and other information produced or created in connection with other litigations, including *Scimed Life Systems, Inc., et al. v. Johnson & Johnson, et al.*, Case No. 99-cv-904 (D. Del.) and *Scimed Life Systems, Inc., et al. v. Johnson & Johnson, et al.*, Case No. 00-cv-404 (D. Del.) (collectively, "the Delaware Action"). Materials from the Delaware Action designated "CONFIDENTIAL" under the protective order in that case dated March 28, 2000 and used in this Action shall be treated as information designated CONFIDENTIAL under this Protective Order. Materials from the Delaware Action designated "HIGHLY CONFIDENTIAL" under the protective order in that case dated March 28, 2000 and used in this Action shall be treated as information designated HIGHLY CONFIDENTIAL under this Protective Order. Materials from the Delaware Action designated "OUTSIDE COUNSEL EYES ONLY" under the protective order in that case dated March 28, 2000 and used in this Action shall be treated as information designated HIGHLY CONFIDENTIAL under this Protective Order. Among individuals identified in paragraphs 4(c) and 5(g) above, only the individuals identified in paragraph 5(g) shall be given access to materials from the Delaware Action designated "OUTSIDE COUNSEL EYES ONLY." If the parties produce or use materials from a prior litigation other than the Delaware Action, they shall confer and attempt to reach an agreement on how documents subject to a protective order in that prior litigation will be treated in accordance with this Protective Order.

18. All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have

received information under this Protective Order after the conclusion of this Action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Any and all originals and copies of information or other materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall, at the request of the Designating Party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the option of the producing party, destroyed in that time frame, except that outside counsel for each party in this Action may maintain in its files copies of each pleading filed with the Court or served, each propounding discovery request with its corresponding response, each expert report served, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. Nothing in this Protective Order shall require outside counsel to purge or destroy any of its own electronic files or computerized material, including CONFIDENTIAL MATERIAL and/or HIGHLY CONFIDENTIAL MATERIAL. In the event that outside counsel maintains such documents or information, it shall not disclose material containing any type of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person or entity absent subpoena or court order or the consent of the Designating Party. Upon receipt of any subpoena for such information, the party receiving the subpoena shall promptly notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19. Pursuant to Rule 502 of the Federal Rules of Evidence, the disclosure of confidential communications or information shall not constitute a waiver of any privilege, immunity or other protection (including work product) if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. By way of example and not limitation, the producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications, and/or linguistic tools in screening for privilege, work product, or other protection. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product, or other designation of protection.

Inadvertent and/or unintentional production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege or immunity, provided that the producing party notifies the receiving party in writing within a reasonable time of discovery of such information. Upon receiving such notice, the receiving party will take reasonable steps to immediately return such information or documents, including all copies thereof, to the producing party. Alternately, the receiving party shall immediately confirm in writing that it has taken reasonable steps to delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed

information. No use shall be made of such documents or information, including but not limited to during this action, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned. The receiving party may move the Court for an Order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question). If a claim is disputed, the receiving party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a party becomes aware that it has received documents that are clearly privileged, the party receiving the privileged documents will promptly notify the producing party of receipt of the documents and return or destroy all copies of the privileged documents.

20. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

21. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

22. Information produced by third parties may be designated by them as confidential pursuant to the terms of this Protective Order and, when so designated, shall be treated by the parties in conformance with this Protective Order.

23. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

| | |
|---|---|
| KENYON & KENYON LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
| By: s/ Mark A. Chapman<br>Richard L. DeLucia<br>Elizabeth A. Gardner<br>Mark A. Chapman<br>Antony Pfeffer<br>One Broadway<br>New York, New York 10004<br>Phone: (212) 425-7200<br>Fax: (212) 425-5288 | By: s/ Scott B. Howard<br>Gregory L. Diskant<br>Scott B. Howard<br>Anthony DeCinque<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 336-200<br>Fax: (212) 336-2222 |
| *Attorneys for Plaintiff Medinol Ltd.* | *Attorneys for Defendants Cordis Corporation and Johnson & Johnson* |

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
United States District Judge

7/12/13

17

<u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

MEDINOL LTD.,

    Plaintiff,

v.

CORDIS CORPORATION AND JOHNSON & JOHNSON,

    Defendants.

13 Civ. 1408 (SAS)

ECF Case

**UNDERTAKING**

I, _____, declare that:

1. My address is _____.

2. My present employer is _____, and the address of my present employer is _____.

3. My present occupation or job description is _____.

4. My relationship to plaintiff/defendants is _____.

5. I have received a copy of the Protective Order in this action.

6. I have carefully read and understand the provisions of the Protective Order and agree to be bound by it.

7. I agree, upon request, to return or destroy all confidential documents and things which come into my possession or which I have prepared to counsel for the party by whom I am retained. I agree to be bound by the terms of the Protective Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Protective Order.

Executed on: _____       _____
                                                                    Signature

# Kenyon & Kenyon

**Mark A. Chapman**
Direct 212.908.6308
mchapman@kenyon.com

Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

July 11, 2013

**By email (via judgments@nysd.uscourts.gov); courtesy copy by hand delivery**

Hon. Shira A. Scheindlin, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re: *Medinol Ltd. v. Cordis Corp. et al.*,
Civil Action No. 13-1408 (SAS)

Dear Judge Scheindlin:

Pursuant to the Scheduling Order (D.I. 22) in the above-referenced case, the parties jointly submit the enclosed stipulated proposed protective order, which the parties have also submitted to judgments@nysd.uscourts.gov.

Please let us know if Your Honor has any questions or concerns.

Respectfully submitted,

Mark A. Chapman

Enclosure

cc. (by email):

Gregory L. Diskant, Esq. (gldiskant@pbwt.com)
Scott B. Howard, Esq. (sbhoward@pbwt.com)
Anthony DeCinque, Esq. (adecinque@pbwt.com)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036