# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **MEDINOL LTD.,** | |
| *Plaintiff,* | **Civil Action No. 13-1408 (SAS)** |
| v. | |
| **CORDIS CORPORATION AND JOHNSON & JOHNSON,** | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

RECEIVED
DEC 0 4 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Medinol Ltd. ("Medinol" or "Plaintiff"), for its Amended Complaint against Defendants Cordis Corporation ("Cordis") and Johnson & Johnson ("J&J") (collectively "Defendants"), upon knowledge as to its own acts and upon information and belief as to the acts of others, states and alleges as follows:

### THE PARTIES

2.      Plaintiff Medinol is an Israeli company with its principal place of business at Building #7, Entrance 1, 5th floor, Kiryat Atidim, Tel Aviv, 61581, Israel.

3.      Defendant Cordis is a Florida corporation with its principal place of business at 430 Route 22 East, Bridgewater, New Jersey 08807.

4.      Defendant J&J is a New Jersey corporation with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 284, and 285.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  ·   Cordis and J&J are subject to personal jurisdiction in the State of New York and this District because, upon information and belief, they conduct business in this District and have committed acts of patent infringement in this District including, *inter alia*, offering for sale and/or selling infringing products, including at least the Cypher Stent, in this District.  In addition, Cordis and J&J regularly place their products, including the Cypher Stent, within the stream of commerce, with the knowledge and/or understanding that such products will be sold in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b) because a substantial part of the events giving rise to Medinol's claims occurred in this District, Cordis and J&J are resident in or otherwise subject to personal jurisdiction in this District, and Cordis and J&J have committed acts of infringement in this District.

## THE PATENTS-IN-SUIT

8.     Medinol owns all right, title and interest in U.S. Patent No. 5,980,552 (the "'552 patent"); U.S. Patent No. 6,059,811 (the "'811 patent"); U.S. Patent No. 6,589,276 (the "'276 patent"); and U.S. Patent No. 6,875,228 (the "'228 patent") (collectively, the "patents-in-suit").

9.     The '552 patent, entitled "Articulated Stent," was duly and legally issued by the United States Patent and Trademark Office on November 9, 1999.  A true and correct copy of the '552 patent is attached hereto as Exhibit A.

10.     The '811 patent, entitled "Articulated Stent," was duly and legally issued by the United States Patent and Trademark Office on May 9, 2000.  A true and correct copy of the '811 patent is attached hereto as Exhibit B.

11.     The '276 patent, entitled "Articulated Stent," was duly and legally issued by the United States Patent and Trademark Office on July 8, 2003.  A true and correct copy of the '276 patent is attached hereto as Exhibit C.

12.     The '228 patent, entitled "Articulated Stent," was duly and legally issued by the United States Patent and Trademark Office on April 5, 2005.  A true and correct copy of the '228 patent is attached hereto as Exhibit D.

13.     Each of the four patents-in-suit claims priority to U.S. Application No. 08/213,272 (the "'272 application"), filed on March 17, 1994, which issued as U.S. Patent No. 5,449,373 (the "'373 patent") on September 12, 1995.

14.     Upon information and belief, Cordis and J&J had knowledge of the '373 patent no later than when the '373 patent issued in 1995, and knowledge of the continuation applications that claim priority to the '373 patent and that led to the patents-in-suit on or about the time the applications were pending and publicly available for inspection in the United States Patent and Trademark Office.  Upon information and belief, Cordis and J&J had knowledge of each of the patents-in-suit on or about the date each patent issued, but in no event later than 2006.

15.     In an earlier case in this District before District Judge Scheindlin captioned as *Medinol Ltd. v. Guidant Corp. and Advanced Cardiovascular Systems, Inc.*, No. 03 Civ. 2604, Medinol asserted different but related patents that issued from a continuation-in-part application of the '272 application that is the parent application of the '552, '811, '276 and '228 patents.  In the course of construing the patent claim language and ruling on motions for summary judgment

related to validity and other issues in the Guidant case, Judge Scheindlin considered the

prosecution history of the '272 parent application, as well as certain prior art references that may

also be relevant in this new case. *See, e.g., Medinol Ltd. v. Guidant Corp.*, 341 F.Supp.2d 301

(S.D.N.Y. 2004); *Medinol Ltd. v. Guidant Corp.*, 2004 WL 2210290 (S.D.N.Y. Sept. 30, 2004);

*Medinol Ltd. v. Guidant Corp.*, 412 F.Supp.2d 301 (S.D.N.Y. 2005); *Medinol Ltd. v. Guidant*

*Corp.*, 417 F.Supp.2d 280 (S.D.N.Y. 2006).

## COUNT I

### INFRINGEMENT OF THE '552 PATENT

16.    Medinol incorporates each of the preceding paragraphs 1-15 as if fully set forth

herein.

17.    Cordis and J&J have directly infringed the '552 patent, in violation of 35 U.S.C. §

271(a), by making, using, selling, offering for sale, and/or importing in or into the United States,

without authority, products that embody the patented invention, including the Cypher Stent and

the Cypher Select Stent.

18.    Upon information and belief, Cordis and J&J's infringement of the '552 patent

has been and is willful because Cordis and J&J have had knowledge of the '552 patent since on

or about the date the '552 patent issued, November 9, 1999, but have nonetheless deliberately

engaged in infringing conduct by making, using, selling, offering for sale, and/or importing the

Cypher Stent and the Cypher Select Stent despite knowing that these products infringe the '552

patent.

19.    As a direct and proximate result of the acts of patent infringement by Cordis and

J&J, Medinol has been damaged and is entitled to damages in an amount adequate to compensate

Medinol for this infringement of the '552 patent, but in no event less than a reasonable royalty

under 35 U.S.C. § 284.

20.     Medinol has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Medinol is entitled to recover its reasonable and necessary fees and expenses.

## COUNT II

## INFRINGEMENT OF THE '811 PATENT

21.     Medinol incorporates each of the preceding paragraphs 1-15 as if fully set forth herein.

22.     Cordis and J&J have directly infringed the '811 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that embody the patented invention, including the Cypher Stent and the Cypher Select Stent.

23.     Upon information and belief, Cordis and J&J's infringement of the '811 patent has been and is willful because Cordis and J&J have had knowledge of the '811 patent since on or about the date the '811 patent issued, May 9, 2000, but have nonetheless deliberately engaged in infringing conduct by making, using, selling, offering for sale, and/or importing the Cypher Stent and the Cypher Select Stent despite knowing that these products infringe the '811 patent.

24.     As a direct and proximate result of the acts of patent infringement by Cordis and J&J, Medinol has been damaged and is entitled to damages in an amount adequate to compensate Medinol for this infringement of the '811 patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284.

25.     Medinol has incurred and will incur attorneys' fees, costs, and expenses in the

prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Medinol is entitled to recover its reasonable and necessary fees and expenses.

**COUNT III**

**INFRINGEMENT OF THE '276 PATENT**

26.     Medinol incorporates each of the preceding paragraphs 1-15 as if fully set forth herein.

27.     Cordis and J&J have directly infringed the '276 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that embody the patented invention, including the Cypher Stent and the Cypher Select Stent.

28.     Upon information and belief, Cordis and J&J's infringement of the '276 patent has been and is willful because Cordis and J&J have had knowledge of the '276 patent since on or about the date the '276 patent issued, July 8, 2003, but have nonetheless deliberately engaged in infringing conduct by making, using, selling, offering for sale, and/or importing the Cypher Stent and the Cypher Select Stent despite knowing that these products infringe the '276 patent.

29.     As a direct and proximate result of the acts of patent infringement by Cordis and J&J, Medinol has been damaged and is entitled to damages in an amount adequate to compensate Medinol for this infringement of the '276 patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284.

30.     Medinol has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Medinol is entitled to recover its reasonable and necessary

fees and expenses.

## COUNT IV

### INFRINGEMENT OF THE '228 PATENT

31.     Medinol incorporates each of the preceding paragraphs 1-15 as if fully set forth herein.

32.     Cordis and J&J have directly infringed the '228 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that embody the patented invention, including the Cypher Stent and the Cypher Select Stent.

33.     Upon information and belief, Cordis and J&J's infringement of the '228 patent has been and is willful because Cordis and J&J have had knowledge of the '228 patent since on or about the date the '228 patent issued, April 5, 2005, but have nonetheless deliberately engaged in infringing conduct by making, using, selling, offering for sale, and/or importing the Cypher Stent and the Cypher Select Stent despite knowing that these products infringe the '228 patent.

34.     As a direct and proximate result of the acts of patent infringement by Cordis and J&J, Medinol has been damaged and is entitled to damages in an amount adequate to compensate Medinol for infringement of the '228 patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284.

35.     Medinol has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Medinol is entitled to recover its reasonable and necessary fees and expenses.

## PRAYER FOR RELIEF

Medinol requests that judgment be entered in its favor and against Cordis and J&J, and that the Court award the following relief to Medinol:

(a)    damages in an amount adequate to compensate Medinol for infringement of the patents-in-suit, and in no event less than a reasonable royalty;

(b)    increased damages in an amount three times the damages found by the jury or assessed by the Court for the willful infringement of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c)    expenses, costs, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and Federal Rule of Civil Procedure 54;

(d)    prejudgment and post-judgment interest on all damages; and

(e)    such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Medinol asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues triable by a jury.

Dated: December 4, 2013

Respectfully submitted,

Richard L. Delucia
Elizabeth A. Gardner
A. Antony Pfeffer
Mark A. Chapman
KENYON & KENYON LLP
One Broadway
New York, New York 10004
(212) 425-7200 (main)
(212) 425-5288 (fax)

*Counsel for Plaintiff Medinol Ltd.*