UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

MEDINOL LTD.,

        Plaintiff,

- against -

CORDIS CORPORATION AND JOHNSON
& JOHNSON,

        Defendants.
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/14

ORDER

13-cv-1408 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

        Medinol Ltd. ("Medinol") brought this patent infringement action against Cordis Corporation and Johnson & Johnson (collectively, "Cordis"). Following a four day bench trial, I held on March 14, 2014, that laches presents an entire defense to Medinol's infringement claims under the controlling authority of *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*[1] and its progeny.[2] Medinol did not appeal this decision.

        On May 19, 2014, the Supreme Court of the United States ruled in

---

    [1]    960 F.2d 1020 (Fed. Cir. 1992) (en banc).

    [2]    *See Medinol Ltd. v. Cordis Corp.*, No. 13 Civ. 1408, 2014 WL 1041362 (S.D.N.Y. Mar. 14, 2014).

1

*Petrella v. Metro-Goldwyn-Mayer, Inc.*[3] that laches cannot be used to defeat a claim filed within the Copyright Act's three year statute of limitations. The Court's only comment on laches in the patent context came in a footnote.[4]

On August 5, 2014, Medinol wrote to this Court to seek relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure because *Petrella* "is an intervening change in law that upended the entire laches framework upon which the judgment was based."[5] Cordis opposes the request for Rule 60(b) relief for at least two reasons. *First*, Cordis argues that *Petrella* is not a "supervening change in *governing law*" because it only applies to copyright law, not patent law, which, as the Supreme Court acknowledged, has its own statutory framework, legislative history, and case law.[6] *Second*, Cordis argues that Medinol waived the argument by failing to raise it at trial and by failing to appeal the final judgment.[7]

---

[3] 134 S.Ct. 1962 (2014).

[4] *See id.* at 1974, n.15 ("Based in part on [the Patent Act] and commentary thereon, legislative history, and historical practice, the Federal Circuit has held that laches can bar damages incurred prior to the commencement of suit . . . . We have not had occasion to review the Federal Circuit's position.").

[5] 8/5/14 Letter from Richard DeLucia, counsel for Medinol, to the Court, at 1.

[6] 8/7/14 Letter from Gregory Diskant, counsel for Cordis, to the Court, at 1 (emphasis in original).

[7] *See id.* at 2.

On September 17, 2014, a panel of the Federal Circuit affirmed that *Aukerman* remains good law because *Petrella* applied solely to the Copyright Act.[8] On September 22, 2014, Medinol notified the Court that it "maintains its request for relief under Rule 60(b)" because "when the issue is presented to the en banc Federal Circuit or the Supreme Court, the court will confirm that the rationale of *Petrella* applies in the patent context, and thus confirm that *Aukerman* is no longer good law."[9] Medinol asks the Court to postpone making a decision on its request for Rule 60(b) relief until an en banc panel of the Federal Circuit or the Supreme Court reaches the issue.[10]

Medinol's relief for Rule 60(b) relief is DENIED. I am bound to follow the Federal Circuit, which has now reaffirmed that *Aukerman* remains good law. Medinol's request for a stay of this ruling pending a potential decision to the contrary from an en banc panel of the Federal Circuit or the Supreme Court is unreasonable.

---

[8] *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, No. 2013-1564, 2014 WL 4627594, at *4 (Fed. Cir. Sept. 17, 2014) ("But *Petrella* notably left *Aukerman* intact. Because *Aukerman* may only be overruled by the Supreme Court or an en banc panel of this court, *Aukerman* remains controlling precedent.").

[9] 9/22/14 Letter from DeLucia, to the Court.

[10] *See* 9/25/14 Letter from DeLucia, to the Court.


SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           September 26, 2014

-Appearances-

**For Plaintiff:**

Richard Louis DeLucia, Esq.
Elizabeth A. Gardner, Esq.
Aloysius Antony Pfeffer, Esq.
Caryn Harsche Cross, Esq.
Mark Alexander Chapman, Esq.
Eric Thomas Schreiber, Esq.
Kenyon & Kenyon
One Broadway
New York, NY 10004
(212) 425-7200

Arthur R. Miller, Esq.
New York University School of Law
40 Washington Square South, 430F
New York, NY 10012
(212) 992-8147

**For Defendants:**

Gregory L. Diskant, Esq.
Scott Barry Howard, Esq.
Kathleen Marie Crotty, Esq.
Anthony Christopher DeCinque, Esq.
Marla Phyllis Dunn, Esq.
Peter Abraham Nelson, Esq.
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2710