USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/29/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MEDINOL LTD.,

         Plaintiff,

  -against-

CORDIS CORPORATION AND JOHNSON & JOHNSON,

         Defendants.
------------------------------------------------------------------ x

13-CV-1408 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

  Plaintiff Medinol Ltd. (hereinafter, "Plaintiff") brings this action against Cordis Corporation and Johnson & Johnson (collectively, "Defendants") alleging patent infringement.

## PROCEDURAL HISTORY

  Plaintiff initiated this case on March 1, 2013. ECF No 1. At its inception, this case was assigned to Judge Shira A. Scheindlin. On June 13, 2013, Judge Scheindlin granted Defendants' request to bifurcate the case in order to address Cordis's equitable defense of laches. ECF No. 22. Judge Scheindlin held a bench trial on the issue of laches from January 20 to January 24, 2014. Following the bench trial, the Parties submitted their Proposed Findings of Fact and Conclusions of Law. ECF Nos. 54-55.

  On March 14, 2014, Judge Scheindlin issued an Opinion and Order dismissing Plaintiff's case with prejudice. ECF No. 64 (the "Scheindlin Opinion"). Judge Scheindlin held that "laches presents an entire defense to Medinol's infringement claims." *Id.* p. 42. Judge Scheindlin relied on *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028-29 (Fed. Cir. 1992) (en banc) in reaching her decision. *Id.* The Clerk of Court entered Judgment on April 4, 2014. ECF No. 65.

On August 5, 2014, Plaintiff filed a Letter Motion requesting a pre-motion conference to discuss the filing of a Rule 60(b)(6) motion to vacate the judgment. ECF No. 71. On September 26, 2014, after considering multiple Letter Motions from the Parties, Judge Scheindlin denied Plaintiff's request for relief under Rule 60(b)(6). ECF No. 80. On October 7, 2014, Plaintiff filed a Notice of Appeal to the Federal Circuit. ECF No. 81. On December 22, 2015, the Federal Circuit held Plaintiff's appeal in abeyance. ECF No. 87. Following subsequent appeals and a ruling from the Supreme Court, on April 19, 2018, the Federal Circuit issued an Opinion remanding the case to this District to "determine whether the "extraordinary circumstances" showing required under Rule 60(b)(6) has been established." ECF No. 90, at 4 ("Fed. Cir. Opinion").

Upon remand, this matter was assigned to the undersigned. This Court issued an Order requesting renewed briefing on Plaintiff's Rule 60(b)(6) motion and set a briefing schedule for the Parties. ECF No. 93. Plaintiff filed a renewed Motion to Vacate the Clerk's Judgment on May 21, 2018. ECF No 95. Defendants filed their Opposition to Plaintiff's Motion on June 4, 2018. Plaintiff filed a Reply to Defendants' Opposition on June 11, 2018. ECF No. 101.

Plaintiff's Motion is deemed fully briefed. After careful consideration, Plaintiff's Motion to Vacate the Clerk's Judgment is hereby **DENIED**.

## BACKGROUND

Although familiarity with the factual background and preceding arguments is assumed, the Court briefly recounts the facts relevant to the instant motion.[1]

As stated, in determining that the defense of laches barred damages for Plaintiff's claims of patent infringement, Judge Scheindlin relied on the Federal Circuit's decision in *Aukerman*.

---

[1] For a more detailed explanation of the relationship between the parties and the underlying patents involved in this litigation, see Judge Scheindlin's Opinion dated March 14, 2014. ECF No. 64.

*See* Scheindlin Opinion. In essence, *Aukerman* states that laches is an equitable defense to a claim for patent infringement.[2] 960 F.2d at 1028-29. Prior to the bench trial concerning laches, the Supreme Court granted certiorari in a different case to decide whether the defense of laches was appropriate in copyright infringement cases. *Petrella v. Metro-Goldwyn Mayer, Inc.*, 572 U.S. 663 (2014).

Judge Scheindlin issued her Opinion dismissing the case on March 14, 2014, and Judgement was made final on April 4, 2014. ECF Nos. 64, 65. Plaintiff did not appeal. On May 19, 2014, the Supreme Court held that laches is not a defense in copyright. *Petrella*, 572 U.S. 663. On August 5, 2014, three months after the issuance of the *Petrella* decision, Plaintiff sought relief under Federal Rule of Civil Procedure 60(b)(6) by claiming that *Petrella* was an intervening change of law. ECF No. 71. Judge Scheindlin denied Plaintiff's request by claiming that *Aukerman* controlled the issues in this case despite the ruling in *Petrella*. ECF No. 80. Plaintiff appealed the denial of their Rule 60(b)(6) Motion to the Federal Circuit. ECF No. 81. The Federal Circuit held Plaintiff's appeal in abeyance because they were considering the same issue in a similar case – whether laches was an appropriate defense in patent infringement cases. *See SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 807 F.3d 1311 (Fed. Cir. 2015) (en banc). In *SCA Hygiene*, the Federal Circuit held that laches was, in fact, a defense in the patent context. *Id.* The Supreme Court then granted certiorari in *SCA Hygiene*, and Plaintiff's similar petition for certiorari was held.

Ultimately, the Supreme Court reversed *SCA Hygiene* by holding that *Petrella's* logic applies to the Patent Act. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products,*

---

[2] "In a legal context, laches may be defined as the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Aukerman*, 960 F.2d at 1028-29.

3

*LLC*, 137 S.Ct. 954, 959 (2017). More specifically, the Court held that "[l]aches cannot be interposed as a defense against damages where the infringement occurred within the period prescribed by [the Patent Act, 35 U.S.C.] § 286." *Id.* at 967. The Supreme Court then granted Plaintiff's Petition and remanded the case for further consideration. *See* Fed. Cir. Opinion. Upon remand, the Federal Circuit further remanded the case to this District. *Id.* Additionally, the Federal Circuit recommended that this Court consider *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *Id.*

In sum, Plaintiff's Rule 60(b)(6) Motion was denied due to the then controlling precedent in *Aukerman*. *Aukerman* has since been overruled by *SCA Hygiene*. At issue before the Court is whether the Plaintiff has satisfied its burden under Rule 60(b)(6) and whether the Clerk's Judgment should be vacated.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(6) gives a court discretion to "relieve a party … from a final judgment, order, or proceeding" for any "reason that justifies relief." Fed. R. Civ. Proc. 60(b)(6); *see Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court.") (internal quotations omitted). Relief under Rule 60(b)(6) "requires a showing of extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see Liljeberg v. Health Services Acquisition Corp.*, *486 U.S. 847, 863* (1988). In determining whether extraordinary circumstances exist, a court may consider a variety of factors, including, but not limited to, "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S.Ct. 759, 778 (2017). "In general, a mere change in decisional law does not constitute an extraordinary circumstance for the purposes for Rule 60(b)(6)." *Marrero*

4

*Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) (citing *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir. 1986)); *see Gonzalez*, 545 U.S. at 536 ("It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation.").

## DISCUSSION

It is undisputed that the state of the law changed regarding whether laches is an appropriate defense in patent actions brought within the statute of limitations period articulated by Congress. *Aukerman*, the case relied upon by Judge Scheindlin, stated that laches was an appropriate defense. 960 F.2d at 1028-29. That decision was affirmed by the Federal Circuit in *SCA Hygiene*. 807 F.3d 1311. The Supreme Court then overruled *Aukerman* in *SCA Hygeine* by holding that "[l]aches cannot be interposed as a defense against damages where the infringement occurred within the period prescribed by [the Patent Act, 35 U.S.C.] § 286." *137 S.Ct.* at 967. However, laws change, and a change in law in and of itself does not constitute extraordinary circumstances. *See Gonzalez*, 545 U.S. at 536

### I.   This Case Does Not Involve Extraordinary Circumstances

As stated, courts have considerable discretion when determining whether to relieve a party from a final judgment under Rule 60(b)(6). *See Stevens*, 676 F.3d at 67. Courts can consider multiple factors, including, but not limited to, the risk of injustice to the parties.[3] *See Buck*, 137 S.Ct. at 778. Plaintiff cites to the nature and magnitude of the change in law, the

---

[3] In *Sargent v. Columbia Forest Prods., Inc.*, the Second Circuit outlined a four factor test courts could utilize in determining whether to recall a mandate based on a supervening change in governing law. 75 F.3d 86, 90 (2d Cir. 1996). Those factors include (1) whether the governing law is unquestionably inconsistent with the earlier decision; (2) whether the movant brought to the Court's attention that a dispositive decision was pending in another court; (3) whether there was a substantial lapse in time between the issuing of the mandate and the motion to recall the mandate; and (4) whether the equities strongly favor relief. *Id.* While no Second Circuit has employed this test in the Rule 60(b)(6) context, certain courts in this district have determined that the *Sargent* factors may be helpful. *Stevens*, 676 F.3d at 69 n.7

centrality of the changed law to the case, and the extreme and undue prejudice Plaintiff would suffer if the Clerk's Judgment were not vacated. Pl's Mem. Supp. Mot. pp. 20-26 ("Pl's Mot."). However, aside from the change in the applicability of laches as a defense in patent cases, there is nothing extraordinary about this case.

### a. Plaintiff Did Not Diligently Pursue An Appeal In This Case

As stated in *Gonzalez*, a plaintiff's "lack of diligence in pursuing review" is a factor mitigating the extraordinary nature of a case. 545 U.S. at 537. A "free and voluntary" decision not to appeal despite "favorable ruling[s] in … companion case[s]" does not justify relief from judgment. *Id.* at 537-38.

Here, Plaintiff "brought the pendency of *Petrella* to the district court's attention." Pl's Mot. p. 19. Plaintiff was well aware of the potential significance of *Petrella* to the state of laches in intellectual property law and the applicability the decision may have on its own case. *Id.* However, following Judge Scheindlin's ruling on March 14, 2014, Plaintiff weighed the costs and balances and voluntarily decided not to appeal the decision because it believed it would be "futile." *Id.* p. 11. When *Petrella* was decided, on May 19, 2014, the Supreme Court made it clear that they were aware of similar laches issues in the patent context. *Petrella*, 572 U.S. at 700, n.15. It was not until nearly three months later, on August 5, 2014, that Plaintiff sought relief from judgment by filing a letter requesting a pre-motion conference to discuss their Rule 60(b)(6) Motion with Judge Scheindlin. ECF No. 71. From March 14 to August 5, 2014, Plaintiff took no action regarding Judge Scheindlin's decision. *See* ECF. As in *Gonzalez*, Plaintiff exhibited a "lack of diligence" in pursuing an appeal. 545 U.S. at 537-38. Plaintiff cannot now use a Rule 60(b)(6) motion "as a substitute for an appeal it failed to take in a timely fashion." *Stevens*, 676 F.3d at 67 (citing *United Airlines, Inc., v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009)).

### b. Any Undue Prejudice Or Injustice Plaintiff Will Experience Is Not Extraordinary In Nature

Plaintiff claims that any order denying their Motion would be unjust and constitute "extreme prejudice." Pl's Mot. p. 24. Plaintiff claims that it has been "completely denied the opportunity to try its claims." This is not true. As determined by Judge Scheindlin, Plaintiff delayed bringing an infringement action at numerous points over fourteen years. Scheindlin Opinion, p. 42. Additionally, as stated above, Plaintiff voluntarily abandoned its quest for relief by actively deciding not to appeal the decision on laches. Further, any minimal prejudice Plaintiff may experience does not rise to the level of prejudice faced by movants in cases of a similar procedural posture. *See Liljeberg*, 486 U.S. at 806 ("Third, it is remarkable – and quite inexcusable – that Judge Collins failed to rescue himself ... [despite] the obvious conflict of interest."); *Buck*, 137 S.Ct. at 778 ("Relying on race to impose a criminal sanction poisons public confidence in the judicial process."); *Marrero Pichardo*, 374 F.3d at 56 ("Absent a meaningful and substantive review of Pichardo's case, manifest injustice will occur because the change in law goes to the very basis of Pichardo's deportation."); *In re Terrorist Attacks on Sept. 11, 2011*, 741 F.3d 353, 357 ("The procedural history of this case produced inconsistent results between two sets of plaintiffs suing for damages based on the same incident.")

### CONCLUSION

After careful consideration, the circumstances in this case are not sufficiently extraordinary to cause this Court relieve Plaintiff from final judgment. This case presents a change in decisional law, and nothing more. Therefore, Plaintiff's Rule 60(b)(6) Motion to Vacate Judgment is hereby **DENIED**.

**SO ORDERED.**

Dated:       March 29, 2019
                New York, New York

                                            */s/ Andrew L. Carter, Jr.*
                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**